Argued and submitted September 14, appeal dismissed November 21, reconsideration on order dismissing Yamhill County's petition for judicial review denied November 9, petition for review allowed December 4, 1984
See 298 Or 302, 691 P2d 906 (1984)

LUDWICK et al,
*Respondents - Cross-Respondents,*

*v.*

YAMHILL COUNTY,
*Petitioner - Cross-Respondent,*
EAGLE POINT HOMEOWNERS ASSOCIATION,
*Intervenor - Cross-Petitioner.*

(83-117/8/9; CA A32827)

691 P2d 515

Daryl S. Garrettson, and John M. Gray, Jr., McMinnville, filed the brief for petitioner - cross-respondent Yamhill County.

Scott O. Pratt, Portland, argued the cause and filed the brief for respondents Jim Ludwick, et al.

John W. Hitchcock, McMinnville, argued the cause and filed the brief for intervenor - cross-petitioner Eagle Point Homeowners Association.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

In November, 1983, Yamhill County approved the application of Eagle Point Homeowners Association (association) for the rezoning of Eagle Point Ranch from commercial forestry to residential and for conceptual approval of a planned unit development on the site. The respondents in this court appealed the county's decisions to the Land Use Board of Appeals, which reversed the decisions in part and remanded in part.

Wihin 21 days after LUBA issued its decision, the county filed a *petition for judicial review* in this court. However, the county did not file a *notice of intent to appeal,* as required by ORS 197.850(3) and ORAP 5.65. Within seven days after the county had filed its petition, the association filed a cross-petition pursuant to ORAP 5.77. Respondents moved to dismiss the appeal because of the county's failure to file the required notice. We granted the motion as to the county, but we noted in our amended order of dismissal that "[t]he case remains before the Court on [the association's] cross-petition for judicial review."[1]

Respondents now move to dismiss the association's cross-petition. They argue, first, that the fact that *no* party filed a notice means that the court never acquired jurisdiction and so "there is no case from which to cross-petition." Respondents also argue:

> "It must be recognized that the Petitioner and the Cross-Petitioner are not adverse parties in this case. Cross-Petitioner applied to Petitioner for amendments to Petitioner's ordinances and Petitioner granted this application. Cross-Petitioner joined in Petitioner's arguments before LUBA and Cross-Petitioner's Brief in the present case simply joins in Petitioner's Brief. The purpose of allowing a cross-petition is obviously to allow a party adverse to the Petitioner to contest aspects of a judgment when the Petitioner contests the judgment even though the adverse party would not have contested the judgment had not the Petitioner. Cross-Petitioner is not an adverse party to Petitioner and its cross-petition is therefore inappropriate."

Not surprisingly, the association disputes both

---

[1] The association appeared as an intervenor in the LUBA proceedings.

points. It argues that the dismissal of the county's appeal should not affect the association's ability to pursue its cross-petition. The association relies by analogy on *Crane v. Oregon R. & N. Co.*, 66 Or 317, 133 P 810 (1913), where the court held that, under a statute then in effect, the dismissal of the defendant's appeal in a civil action did not defeat the plaintiffs' right to prosecute their cross-appeal. The association also argues:

> "[Respondents argue] that it is 'unfair' to permit the appeal to continue. Yet, Eagle Point can make the same argument with equal force regarding dismissal of its Cross-Petition. ORAP 5.77 contemplates that once a petition for judicial review has been filed by a party under ORAP 5.65, all other parties desiring review of LUBA's Opinion & Order must file a cross-petition for judicial review. This is consistent with the procedure outlined in civil cases. ORS 19.026(3)."

The association states in answer to respondents' contentions based on the non-adverse relationship of the county and the association:

> "There is no legal authority nor does it make sense to assume that Yamhill County and Eagle Point must somehow *oppose* each other in order for a cross-petition to be appropriate. Both sought review of LUBA's Opinion & Order. Eagle Point by filing a Cross-Petition took the necessary step to perfect its right independent of Yamhill County to seek judicial review of LUBA's Final Opinion & Order in this case. It now appears this was a tactically sound procedure." (Emphasis the association's.)

*Crane v. Oregon R. & N. Co., supra,* is not completely apposite, even as an analogy. The defendant's appeal was dismissed in that case because it had failed to file a brief or abstract. There was no question about whether the required notice of appeal was filed within the required time to give the Supreme Court jurisdiction and, therefore, about whether there was any appeal before the court from which the plaintiffs *could* cross-appeal. The precise question before us is whether we have jurisdiction to consider the cross-petition even though the underlying appeal has been dismissed because of a *jurisdictional* defect. Oregon appellate courts have not answered that question in the context either of the land use statutes of the appellate rules applicable to appeals from

LUBA. The parties cite, and we find, no Oregon case that answers the analogous question in the context of civil appeals.

ORS 197.850(3) provides:

"Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. *Proceedings for review shall be instituted by filing a notice of intent to appeal in the Court of Appeals.* The notice shall be filed within 21 days following the date [LUBA] delivered or mailed the order upon which the notice is based." (Emphasis supplied.)

ORS 197.850(6) gives this court the authority to set time limits for the filing of petitions and briefs. Our rules require the appellant's petition to be filed at the same time as his or her notice of intent to appeal, ORAP 5.65, and that any cross-petition be filed within seven days after the filing of the appellant's petition. ORAP 5.77(1). Axiomatically, we do not have authority to assume any jurisdiction—through our rules or otherwise—that the legislature has not conferred. ORS 197.850(3) expressly makes the filing of a notice of intent to appeal—*by someone, within the prescribed time*—the event that invokes our jurisdiction. *No* notice of intent to appeal was filed *by anyone* in this case. Consequently, we do not have jurisdiction.

We do not suggest any view about whether the same answer would be made in a civil appeal where a notice of cross-appeal is filed more than 30 days after the entry of judgment but within 10 days from the filing of a jurisdictionally infirm notice of appeal. *See Annot.,* 32 ALR 3d 1290 (1970). We do note, however, that the answer is clearer under the land use statutes than under the general appeal provisions of ORS chapter 19. ORS 19.026(3) makes the filing of a notice of cross-appeal a separate *statutory* event. The *only* authority for the filing of a cross-petition from a LUBA order is ORAP 5.77. That rule can have no application to an appeal over which we do not have jurisdiction; moreover, the rule does not purport to suggest that the filing of a petition or cross-petition is adequate to establish jurisdiction if no notice of intent to appeal has been filed.

Although the point has no bearing on our disposition, we disagree with the association's suggestion that the dismissal of its cross-petition is harsh or unfair. It is true that the

association may have relied on the jurisdictional sufficiency of the county's filing—albeit without justification—and that the association filed its cross-petition within the time that ORAP 5.77(1) allows after the county's filing. However, it is also true that the association was at least as adversely affected by LUBA's order as was the county. Not only is the association's and the county's relationship not adverse, but the association's brief in this court and most of its papers in the LUBA proceeding simply incorporate the county's arguments. The association had the same options and the same time periods within which to exercise them that the county did, but it elected to rely on the county rather than acting on its own to perfect an appeal from LUBA's order. The fact that its reliance was misplaced is a consequence of its own decision to rely.

Appeal on cross-petition dismissed.